**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
HELEN SWARTZ, individually,

       Plaintiff,     Civil Action No. 18-cv-03843-GHW

   v.

BRISAM MANAGEMENT (DE) LLC,

       Defendant.
-----------------------------------------------------------------X

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant, BRISAM MANAGEMENT (DE) LLC, by and through its attorneys, Ford & Harrison LLP, for its Answer to Plaintiff's Complaint (D.E.1) herein, states as follows:

## COUNT I

1.  Defendant admits that it owns the real property located at 232 West 29th Street, New York, New York, in the County of New York (hereinafter "Subject Property"). Defendant also admits that there is a hotel operating under the name of Holiday Inn Express New York City -Chelsea on the Subject Property.

2.  Defendant admits that the Subject Property is located in New York, New York, that it does business in New York, New York, and that venue would be proper in this Court. However, Defendant denies that it violated Title III of the Americans with Disabilities Act ("ADA"), the N.Y. Exec. Law Section 296, New York Civil Rights Law § 40, or any other disability laws and the remaining allegations in Paragraph 2 of the Complaint.

3.  Defendant admits that this Court has federal question jurisdiction over ADA claims for jurisdictional purposes only. Defendant admits that this Court could exercise supplemental jurisdiction over state law claims that arise from a common nucleus of operative facts. However,

Defendant denies that it violated the ADA and any remaining allegations in Paragraph 3 of the Complaint.

4.      Defendant is without sufficient knowledge to admit or deny any of the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant admits that it owns the Subject Property.  Defendant denies that it operates the hotel on the Subject Property.  Defendant admits that the hotel is a place of public accommodation as that term is defined by the ADA and its implementing regulations. However, Defendant denies that they violated the ADA and any remaining allegations in Paragraph 5 of the Complaint.

6.      Defendant is without sufficient knowledge to admit or deny any of the allegations contained in Paragraph 6 of the Complaint.

7.      Defendant denies the allegations set forth in Paragraph 7 of the Complaint.

8.      Defendant denies the allegations set forth in paragraph 8 of the Complaint, including subparagraphs a, b, c, d, e, f, g, h, i, j, k, and l.

9.      The allegations set forth in Paragraph 9 of the Complaint call for a legal conclusion to which no response is required under the Federal Rules of Civil Procedure; however, to the extent any such response is required, Defendant denies such allegations.

10.     Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

12.     Defendant denies that Plaintiff is without an adequate remedy at law and is suffering irreparable harm.  Defendant also denies that Plaintiff is entitled to a remedy in equity. Defendant is without sufficient knowledge to admit or deny whether Plaintiff has retained the

undersigned counsel and her agreement with counsel regarding attorney's fees and costs. Defendant denies the remaining allegations set forth in Paragraph 12 of the Complaint.

13.    The allegations set forth in Paragraph 13 of the Complaint call for a legal conclusion to which no response is required under the Federal Rules of Civil Procedure; however, to the extent any such response is required, Defendant denies such allegations.

14.    Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15.    Defendant admits that 42 U.S.C. § 12188 provides for injunctive relief   Defendant affirmatively states that these provisions speak for themselves.  To the extent Plaintiff is requesting or alleging that she is entitled to ask this Court to close the hotel on the Subject Property until the requisite modifications are completed, Defendant denies these allegations.  Defendant denies any remaining allegations contained in Paragraph 15 of the Complaint.

16.    In response to the WHEREFORE paragraph following Count I of the Complaint, Defendant denies that Plaintiff is entitled to the relief sought in subparagraphs a, b, c, and d or to any relief whatsoever.

## COUNT II

## VIOLATION OF NEW YORK CIVIL RIGHTS LAW

17.    Defendant repeats and re-alleges its responses and denials to paragraphs 1 through 15 of the Complaint, as though fully set forth herein, in response to the second paragraph 16 in the Complaint.

18.    The allegations set forth in the Paragraph 17 of the Complaint call for a legal conclusion to which no response is required under the Federal Rules of Civil Procedure; however, to the extent any such response is required, Defendant denies that they have violated New York Civil Rights Law.

19.     The allegations set forth in the Paragraph 18 of the Complaint, including subparts A, B, and C, call for a legal conclusion to which no response is required under the Federal Rules of Civil Procedure; however, to the extent any such response is required, Defendant denies that it has violated New York Civil Rights Law.

20.     The allegations set forth in the Paragraph 19 of the Complaint call for a legal conclusion to which no response is required under the Federal Rules of Civil Procedure; however, to the extent any such response is required, Defendant denies that it has violated New York Civil Rights Law.

21.     Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

22.     The allegations set forth in the Paragraph 21 of the Complaint call for a legal conclusion to which no response is required under the Federal Rules of Civil Procedure; however, to the extent any such response is required, Defendant denies that it has violated New York Civil Rights Law.

23.     The allegations set forth in the Paragraph 22 of the Complaint call for a legal conclusion to which no response is required under the Federal Rules of Civil Procedure; however, to the extent any such response is required, Defendant denies that it has violated New York Civil Rights Law.

24.     Defendant admits that the hotel is a place of public accommodation pursuant to the ADA and New York Civil Rights Law.  Defendant denies any remaining allegations contained in Paragraph 23 of the Complaint.

25.     The allegations set forth in the Paragraph 24 of the Complaint call for a legal conclusion to which no response is required under the Federal Rules of  Civil Procedure; however,

to the extent any such response is required, Defendant denies that it has violated New York Civil Rights Law.

26.     Defendant is without sufficient knowledge to admit or deny whether Plaintiff has visited the Subject Hotel.  Defendant denies the remaining allegations contained in Paragraph 25 of the Complaint.

27.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

28.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

29.     In response to the WHEREFORE clause following Count II, Defendant denies that Plaintiff is entitled to the relief sought or to any relief whatsoever.

30.     Defendant denies any allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint and the alleged causes of action, and subject to and without waiving the above denials, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint as a whole and each and every purported cause of action alleged therein fails to state facts sufficient to constitute a claim.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part to the extent that Defendant relied on the directions and directives of the City of New York and/or County of New York permitting authorities regarding the accessibility of the Subject Property.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part to the extent that Defendant relied on the advice of contractors and subcontracts and other third parties not subject to its control.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part to the extent the hotel provides equivalent or greater accessibility to Plaintiff and persons with disabilities.

## FIFTH AFFIRMATIVE DEFENSE

Defendant is not obligated to make any alterations sought by Plaintiff that would result in a fundamental alteration in the nature of Defendant's services, programs, or activities or in undue financial and administrative burdens, or would require structural changes in existing facilities where other methods are effective to achieve compliance under Title III of the Americans with Disabilities Act and/or applicable state and local public accommodation laws.

## SIXTH AFFIRMATIVE DEFENSE

The removal of any barriers by Defendant is excused to the extent such barrier removal is not structurally or technically feasible and/or not readily achievable.

## SEVENTH AFFIRMATIVE DEFENSE

Any work required for accessibility is excused to the extent such work would be disproportionate in cost and scope to any alterations Defendant has undertaken.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff claims are barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

Any changes Plaintiff advocates are barred to the extent they are practically difficult, pose an unnecessary hardship and/or extreme so that such changes are not required and/or are subject to exception.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent she lacks standing to pursue such claims.

## ELEVENTH AFFIRMATIVE DEFENSE

Alternatively, Plaintiff's claims are barred, in whole or in part, where Defendant satisfied the maximum extent feasible standard.

## TWELFTH AFFIRMATIVE DEFENSE

At all times relevant to this action, Defendant acted honestly and in good faith to ensure full compliance with Title III of the ADA and all other applicable state and local public accommodation laws, to the extent readily achievable and/or required by law and Defendant has reasonable grounds for believing its actions and/or inactions are in compliance with all applicable statutes, regulations, and opinions.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant adequately provided access through readily achievable "alternative methods" such as customer service.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent any renovations were made, these renovations did not constitute alterations.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any recovery on the Complaint seeking injunctive relief is barred, in whole or in part, because Plaintiff is not entitled to such injunctive and has adequate remedies at law.

## SIXTEENTH AFFIRMATIVE DEFENSE

Injunctive relief is the only form of relief available to plaintiffs suing under Title III of the ADA. See 42 U.S.C. § 12188(a).  Plaintiff is not entitled to any of the civil penalties set forth in 42 U.S.C. § 12134(a).

## SEVENTEENTH AFFIRMATIVE DEFENSE

In this case, where the property is in compliance with the applicable requirements of the ADA during the pendency of the lawsuit, and prior to the court granting the plaintiff relief, then the court loses subject matter jurisdiction based on mootness, and since the court cannot then grant the plaintiffs relief, the plaintiffs are not considered as prevailing parties. *Buckhannon Board and Care Home, Inc. v. West Va. Dep't of Health and Human Resources,* 532 U.S. 598 (2001).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant states that to the extent that no barriers exist or that they have barrier removal plans in effect to eliminate any existing access barriers within its control, the litigation instituted by plaintiff cannot serve as the basis for attorneys' fees or injunctive relief in this action. *See Buckhannon Board and Care Home, Inc. v. West Va. Dep't of Health and Human Resources,* 532 U.S. 598 (2001) (holding that plaintiff whose case is the catalyst for a voluntary change that provides the relief sought or who settles is not a "prevailing party" for purposes of civil rights attorney's fees provisions).

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff made no pre-suit demand that may have brought resolution to this matter and not wasted the Court's limited resources; therefore, Plaintiff should not be awarded any damages, costs, or fees. *See Maracort v. Checker Drive-In Restaurants, Inc.*, 2005, U.S. Dist. LEXIS 2437, 2005 WL 332422 (M.D. Fla. 2005).

## RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery, and, thus,

Defendant reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Affirmative Defenses.

WHEREFORE, Defendant, BRISAM MANAGEMENT (DE) LLC, prays for judgment as follows:

1.      That Plaintiff take nothing by her Complaint;

2.      That the Complaint and each cause of action be dismissed in its entirety with prejudice;

3.      For costs of suit incurred herein, including reasonable attorneys' fees or other applicable provisions; and

4.      For such other and further relief as the Court deems just and equitable.

Dated: New York, New York
        May 30, 2018

                        Respectfully Submitted,


                        By:_____

                        Jeffrey G. Douglas, Esq.
                        FORDHARRISON LLP
                        60 East 42nd Street, 51st Floor
                        New York, New York, 10165
                        Telephone: 212-453-5900
                        Facsimile: 212-453-5959
                        E-mail: JDouglas@fordharrison.com

                        and

                        Elizabeth M. Rodriguez
                        FORDHARRISON LLP
                        1SE 3rd Avenue, Ste. #2130
                        Miami, Florida 33131
                        Tel: 305-808-2100
                        Facsimile: 305-808-2101
                        E-mail: erodriguez@fordharrison.com
                        Pro Hac Vice motion pending

                        Attorneys for Defendant